THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBIN KROHN, individually and on behalf of all others similarly situated,

                    Plaintiff,

     v.

PACIFIC MARKET INTERNATIONAL, LLC, a corporation,

                    Defendant.

Case No. 2:24-cv-00200-TL

**DEFENDANT PACIFIC MARKET INTERNATIONAL, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ALL PROCEEDINGS**

NOTE ON MOTION CALENDAR:
April 19, 2024

ORAL ARGUMENT REQUESTED

---

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, STAY ALL PROCEEDINGS
No. 2:24-cv-00200-TL

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

# **TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................... 1

BACKGROUND ........................................................................................................................ 2

     A.    The *Franzetti* Action ................................................................................... 2

     B.    This Action (*Krohn*) .................................................................................... 2

     C.    Other Actions ............................................................................................... 3

ARGUMENT ............................................................................................................................. 3

I.     The Court Should Dismiss Plaintiff's Copycat Lawsuit ...................................... 3

     A.    The Chronology Favors Dismissal ............................................................. 5

     B.    The Similarity of Parties Favors Dismissal ............................................... 5

     C.    The Similarity of Issues Favors Dismissal ................................................ 6

II.    In the Alternative, the Court Should Stay This Action ....................................... 7

III.   A Dismissal or Stay Is Preferable to Consolidation ........................................... 8

CONCLUSION ......................................................................................................................... 8

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

## INTRODUCTION

2     On February 12, 2024, plaintiff Mariana Franzetti filed a putative class action in this Court

3     against Pacific Market International, LLC ("PMI"), the makers of Stanley-brand drinking containers.

4     The action alleges that PMI failed to disclose the presence of lead in those containers, and that had

5     Ms. Franzetti known of the presence of lead, she would not have bought a Stanley cup.  She seeks

6     purely economic damages.  Ms. Franzetti asserts her claims on behalf of a purported nationwide class

7     of Stanley cup buyers.

8     Two days later, plaintiff Robin Krohn filed the instant action.  Ms. Krohn's lawsuit also alleges

9     that PMI failed to disclose the presence of lead in Stanley cups, and that, had she known of the presence

10    of lead, she would not have bought a Stanley cup.  She also seeks purely economic damages, and also

11    asserts her claims on behalf of a purported nationwide class of Stanley cup buyers.  In other words,

12    Ms. Krohn chose to file a wholly duplicative and unnecessary lawsuit.

13    There is no good reason why Ms. Krohn's lawsuit needs to be, or should be, allowed to

14    proceed.  In light of *Franzetti*, it serves no purpose.  Her lawsuit can vindicate no rights of proposed

15    class members that cannot be vindicated in *Franzetti*.

16    Under the first-to-file rule, courts in the Ninth Circuit routinely dismiss or stay duplicative

17    putative class actions where a preexisting case against the same defendant, involving the same issues

18    and brought on behalf of the same proposed class, is already pending—including when the cases are

19    pending in the same district and before the same judge.  The first-to-file rule applies here.  Indeed, Ms.

20    Krohn has already represented to the Court that her case and *Franzetti* "*arise from the same or*

21    *substantially identical transactions or events, involve the same defendant, and call for determination*

22    *of the same or substantially identical questions of law.*"  Dkt. No. 9 at 2 (emphasis added).

23    It is not enough to say, as plaintiff will, that consolidation would eliminate some of the

24    inefficiencies of defending against duplicative cases and the potential for conflicting rulings.

25    Consolidation will provide no benefit to the proposed class. Moreover, consolidating the cases would

26    still require PMI to undertake wasteful and costly discovery against *all* of the named plaintiffs—an

27    unnecessary burden that it would not be saddled with if the Court dismisses *Krohn*.

28

- 1 -

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, STAY ALL PROCEEDINGS
No. 2:24-cv-00200-TL

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

More fundamentally, no one has a right to file duplicative litigation.  To the contrary, public policy disfavors such litigation.  By maintaining her lawsuit, Ms. Krohn is contravening that public policy.  She can proffer no reason why she should be rewarded for that decision by being allowed to proceed with her case.  On the other hand, a ruling allowing her lawsuit to proceed will incentivize the filing of additional copycat lawsuits. Such a ruling may also make it more difficult to reach a negotiated resolution, in light of the numerous sets of plaintiffs' lawyers that will be involved.

## BACKGROUND

### A.  The *Franzetti* Action

Ms. Franzetti filed her action against PMI in this Court on February 12, 2024, in the wake of widespread news reports that Stanley cups, like the cups of many other drinkware manufacturers, contain lead.  The essential factual allegations of her complaint are that (1) PMI failed to disclose the presence of lead in Stanley cups, and (2) she would not have bought her Stanley cup had she known of the presence of lead.  *Franzetti*, Dkt. No. 1 ¶¶ 16, 32 ("*Franzetti* Compl.").  She purports to bring her action on behalf of a nationwide class of Stanley cup consumers.  *See id.* ¶ 44.  She purports to assert claims under state consumer protection statutes and for breach of implied and express warranty, breach of contract, and unjust enrichment.  *See id.* ¶¶ 52-111.

### B.  This Action (*Krohn*)

Ms. Krohn filed her action against PMI two days later.  Its gravamen is identical to *Franzetti*'s: (1) PMI failed to disclose the presence of lead in Stanley cups, and (2) she would not have bought her Stanley cup had she known of the presence of lead.  Dkt. No. 1 ¶¶ 4, 42-44 ("*Krohn* Compl.").  She also purports to bring her action on behalf of a nationwide class of Stanley cup consumers.  *See id.* ¶ 58.  Like the *Franzetti* complaint, Ms. Krohn's complaint purports to assert claims under state consumer protection statutes and for breach of implied and express warranty and unjust enrichment. *See id.* ¶¶ 69-89, 103-56.  Her complaint also purports to assert common-law misrepresentation claims and a claim for a manufacturing defect.  *See id.* ¶¶ 90-102.

Several days after filing her lawsuit, Ms. Krohn filed a related-case notice regarding *Franzetti*, stating that "this action and the *Franzetti* action arise from the same or substantially identical

- 2 -

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, STAY ALL PROCEEDINGS
No. 2:24-cv-00200-TL

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

transactions or events, involve the same defendant, and call for determination of the same or substantially identical questions of law." Dkt. No. 9 at 2. On February 21, 2024, this action was deemed related and reassigned to this Court for further proceedings. *See* Min. Order, Dkt. No. 13.

### C. Other Actions

Three other purported class actions have been filed against PMI on the basis of identical allegations: (1) *Brown, et al. v. Pacific Market International, LLC, et al.*, No. 2:24-cv-01765 (C.D. Cal.); (2) *Barbu v. Pacific Market International, LLC*, No. 2:24-cv-00258 (W.D. Wash.); and (3) *Moses, et al. v. Pacific Market International, LLC*, No. 3:24-cv-00247 (W.D.N.C.).

*Brown* was filed on February 1, 2024, in California superior court and subsequently removed to the Central District of California. *See Brown*, Dkt. No. 1 ¶ 1. *Brown* seeks certification of a California class rather than a nationwide class. *See Brown*, Dkt. No. 11 ¶ 47. The *Brown* plaintiffs have agreed to stipulate to transfer their action to the Western District of Washington.

*Barbu* was filed in the Western District of Washington on February 24, 2024 and has been related to *Franzetti* and *Krohn*. *See Barbu*, EFC Nos. 6, 7. *Barbu* purports to assert claims on behalf of a nationwide class. *See Barbu*, EFC No. 1 ¶ 49. The *Barbu* complaint has not been served on PMI. If and when it is served, PMI intends to move to dismiss or stay it.

*Moses* was filed in the Western District of North Carolina on February 29, 2024. It also purports to assert claims on behalf of a nationwide class. *See Moses*, Dkt. No. 1 ¶ 48.[1]

## ARGUMENT

### I. The Court Should Dismiss Plaintiff's Copycat Lawsuit

No one has a right to file duplicative and unnecessary lawsuits. To the contrary, the law disfavors such lawsuits precisely because they serve no purpose. *Barapind v. Reno*, 225 F.3d 1100,

---

[1] All of these complaints suffer from the same fatal flaw: they do not, and cannot, allege any facts showing that the presence of lead in Stanley cups poses any health risk whatsoever. None of the lawsuits avers that the lead can ever come into contact with the liquid in the cups, and none of them claims that *anyone* has suffered or is likely to suffer physical harm due to lead in Stanley cups. *See, e.g., Sherwin-Williams Co. v. Gaines ex rel. Pollard*, 75 So.3d 41, 43 (Miss. 2011) ("'Exposure' to lead—or just being around it—is not dangerous. It must be ingested to poison a person."). Without any factual allegations showing that Stanley cups pose an unreasonable, or even any appreciable, health risk, these lawsuits are groundless and should not survive the pleading stage.

- 3 -

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, STAY ALL PROCEEDINGS
No. 2:24-cv-00200-TL

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    1109 (9th Cir. 2000) ("the general principle is to avoid duplicative litigation").  Permitting this lawsuit

2    to proceed would contravene this principle and encourage further copycat litigation.

3            In accordance with the policy against duplicative lawsuits, under the first-to-file rule, courts

4    within the Ninth Circuit routinely dismiss or stay duplicative putative class actions in favor of earlier-

5    filed putative class actions asserted against the same defendant, on behalf of the same putative classes,

6    and involving the same issues.  *See, e.g.*, *Alvarez v. Safelite Grp., Inc.*, 2022 WL 19569839 (C.D. Cal.

7    Apr. 15, 2022) (dismissing duplicative later-filed action); *De La Cruz v. Target Corp.*, 2018 WL

8    3817950 (S.D. Cal. Aug. 8, 2018) (same); *Padilla v. Willner*, 2016 WL 860948 (N.D. Cal. Mar. 7,

9    2016) (same); *Fefferman v. Dr Pepper Snapple Grp., Inc.*, 2013 WL 12114486 (S.D. Cal. Mar. 12,

10   2013) (same).  The first-to-file rule is a "discretionary rule that allows courts to dismiss, stay, or

11   transfer a case to another district court in order to avoid duplicative litigation."  *Mehr v. Cap. One*

12   *Bank USA N.A.*, 2019 WL 2428768, at *2 (C.D. Cal. Jan. 4, 2019) (citing *Wallerstein v. Dole Fresh*

13   *Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013)).  The Ninth Circuit has explained that

14   "[t]he first-to-file rule is intended to serve[] the purpose of promoting efficiency well and should not

15   be disregarded lightly."  *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th

16   Cir. 2015).

17           The first-to-file rule applies to duplicative actions "in the same district and before the same

18   judge."  *See Ortiz v. Walmart, Inc.*, 2020 WL 5835323, at *2-4 (C.D. Cal. Sept. 18, 2020); *accord,*

19   *e.g.*, *Gatlin v. United Parcel Serv., Inc.*, 2018 WL 10161198, at *3 (C.D. Cal. Aug. 23, 2018) ("district

20   courts have applied the doctrine to decline jurisdiction over a subsequent action filed in the same

21   district"); *Arakelian v. Mercedes-Benz USA, LLC*, 2018 WL 6422649, at *1-2 (C.D. Cal. June 4, 2018)

22   (applying first-to-file rule where both putative class actions were pending before the same judge);

23   *Padilla*, 2016 WL 860948, at *5-6 (applying the first-to-file doctrine to dismiss second-filed case in

24   the same district); *Blanchard Training & Dev. V. Leadership Stud., Inc.*, 2016 WL 773227, at *4 (S.D.

25   Cal. Feb. 29, 2016) ("[t]he first-to-file rule can also be applied when two cases are filed in the same

26   district"); *Wallerstein*, 967 F. Supp. 2d at 1294 ("the first-to-file rule is not limited to cases brought in

27   different districts").  These courts have found "that when two actions are functionally the same, . . .

28

- 4 -

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, STAY ALL PROCEEDINGS
No. 2:24-cv-00200-TL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    and both actions are pending in the same district court, the first-to-file rule provides a reasonable

2    means to determine which action should be dismissed." *Blanchard*, 2016 WL 773227, at \*4 (cleaned

3    up) (citation omitted).

4    To be sure, some "courts in this circuit have declined to apply the first-to-file-rule" when

5    actions are pending before the same judge. *Pecznick v. Amazon*, 2022 WL 4483123, at \*3 (W.D.

6    Wash. Sept. 27, 2022) (citing two decisions and noting that the Ninth Circuit has not weighed in on

7    the issue). These cases note that "the federal comity concerns underlying the first-to-file rule are not

8    present [when cases are pending before a single judge]." *Id.* at \*3 (alteration in original) (quoting *Cole |

9    Wathen | Leid | Hall, P.C. v. Associated Indus. Ins. Co.*, 2020 WL 3542516 (W.D. Wash. June 30, 2020)).

10   However, as the Ninth Circuit has recognized, "comity concerns" are not the only reasons for the rule, and

11   accordingly the absence of such concerns should not be a basis for declining to apply the rule. *Kohn*, 787

12   F.3d at 1240 ("When applying the first-to-file rule, courts should be driven to maximize economy, consistency,

13   and comity." (quotation marks omitted)).

14   In determining whether to apply the first-to-file rule, courts analyze three factors: "chronology

15   of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* All of these factors are

16   satisfied here.

17   **A.  The Chronology Favors Dismissal**

18   The first requirement, chronology of the lawsuits, "simply requires that the case in question

19   was filed later in time." *Santich v. GNC Holdings, Inc.*, 2017 WL 5614902, at \*2 (S.D. Cal. Nov. 21,

20   2017) (quotation marks omitted). Because Ms. Krohn filed her lawsuit after *Franzetti* was filed, this

21   requirement is met. *See, e.g.*, *Washington v. Select Portfolio Servicing, Inc.*, 2021 WL 4571983, at

22   \*1-2 (C.D. Cal. May 5, 2021) (staying second-filed action filed four days after first-filed action).

23   **B.  The Similarity of Parties Favors Dismissal**

24   The second factor, similarity of parties, is also easily satisfied. "In the context of class actions,

25   a court should compare the putative classes, rather than the named plaintiffs, to determine whether the

26   classes encompass at least some of the same individuals." *Pars Equality Ctr. v. Pompeo*, 2018 WL

27   6523135, at \*5 (W.D. Wash. Dec. 12, 2018); *accord Alvarez*, 2022 WL 19569839, at \*2 ("In a class

28

- 5 -

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, STAY ALL PROCEEDINGS
No. 2:24-cv-00200-TL

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1  action context, the court determines the plaintiffs' similarities by comparing the putative classes.").

2  In both *Franzetti* and this case, PMI is the sole defendant, and the respective named plaintiffs purport

3  to represent the same nationwide class of purchasers of Stanley-brand cups.  *Compare Franzetti*

4  Compl. ¶ 44 (seeking to represent "[a]ll persons in the United States who purchased a Stanley tumbler

5  at retail during at least the past four years"), *with Krohn* Compl. ¶ 58 (seeking to represent "[a]ll

6  persons in the United States who, from February 14, 2019 to the present, purchased a Stanley cup for

7  personal use, and not for resale").

8      **C.  The Similarity of Issues Favors Dismissal**

9         The issues in the two cases are undeniably similar, as evidenced by Ms. Krohn's admission

10  that "this action and the *Franzetti* action arise from the same or substantially identical transactions or

11  events . . . and call for determination of the same or substantially identical questions of law."  Dkt. No.

12  9 at 2.  The fact that the instant complaint purports to assert several claims that are not asserted in

13  *Franzetti* has no impact on this analysis, because this factor "does not require total uniformity of claims

14  but rather focuses on the underlying issues and factual allegations."  *Alvarez*, 2022 WL 19569839, at

15  *2.  The similarity-of-issues inquiry examines whether there is "'substantial overlap' between the

16  suits."  *Tirado v. Victoria's Secret Stores, LLC*, 2023 WL 2466290, at *5 (E.D. Cal. Mar. 10, 2023)

17  (quoting *Kohn*, 787 F.3d at 1240-41).  A "substantial overlap exists where the cases involve the same

18  'central questions.'"  *Id.* (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir.

19  1982)); *see also, e.g.*, *Tirado*, 2023 WL 2466290, at *5-6 (finding substantial overlap even when the

20  second-filed action asserted a different factual theory for liability not alleged in the prior actions);

21  *Bazrgarian v. Mercedes-Benz USA, LLC*, 2017 WL 4990517, at *3 (C.D. Cal. Oct. 31, 2017) (holding

22  that, "[w]hile [plaintiff] has asserted some claims that are not alleged in the First-Filed Action, the

23  existence of these claims does not preclude" application of the first-to-file rule); *Tex. Ins. Co. v. Ares*

24  *Ins. Managers LLC*, 2023 WL 8237113, at *8 (W.D. Wash. Nov. 28, 2023) ("the variation between

25  the causes of action in the two cases does not preclude a finding that the issues are substantially

26  similar"); *Kinn v. Quaker Oats Co.*, 2016 WL 11706919, at *3 (W.D. Wash. Nov. 3, 2016) (finding

27  first-to-file rule satisfied because, "[d]espite the existence of a unique claim in this action, both cases

28

- 6 -

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, STAY ALL PROCEEDINGS
No. 2:24-cv-00200-TL

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

arise out of [Defendant's] production and labeling methods"); *Bellone v. First Transit, Inc.*, 2022 WL 4292964, at *4 (N.D. Cal. Sept. 16, 2022) (similarity-of-issues requirement met because both proposed class actions were "based on the same underlying premise").  Ms. Krohn has already conceded the "substantial overlap" between this action and *Franzetti*.  *See* Dkt. No. 9 at 2.

To be sure, this action asserts claims under both Washington's and California's consumer protection statutes, whereas *Franzetti* does not include California statutory claims.  But as shown above, this makes no difference to the analysis.  For example, in *Mehr*, the court found the similarity-of-issues requirement satisfied notwithstanding the plaintiff's argument that she "assert[ed] claims under California statutes—the Unfair Competition Law and Rosenthal Act—that [we]re not raised in [the first-filed] action."  2019 WL 2428768, at *4-5.  In any event, Ms. Krohn cannot assert claims under the consumer protection statutes of two different states.  *See, e.g.*, *Cimoli v. Alacer Corp.*, 587 F. Supp. 3d 978, 988 (N.D. Cal. 2022) ("Choice of law requires determining the *single* state's substantive law that applies to a particular plaintiff's claims.  Accordingly, [plaintiff] cannot bring claims under California and Pennsylvania's unfair competition laws at the same time."); *Julian v. TTE Tech., Inc.*, 2020 WL 6743912, at *10 (N.D. Cal. Nov. 17, 2020) (allowing plaintiff to bring identical claims under different state laws "is antithetical to the concept of choice of law which requires the Court to choose the applicable law").

## II.   In the Alternative, the Court Should Stay This Action

If the Court is not inclined to dismiss Ms. Krohn's claims, the Court should stay this case pending resolution of the earlier-filed *Franzetti* action pursuant to the first-to-file rule or the Court's discretionary power to stay proceedings pursuant to "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see, e.g.*, *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1020-21 (N.D. Cal. 2020) (noting that dismissal is likely warranted because the "court of first filing provides adequate remedies," but staying the later-filed putative class action "out of an abundance of caution").

- 7 -

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, STAY ALL PROCEEDINGS
No. 2:24-cv-00200-TL

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

### III.    A Dismissal or Stay Is Preferable to Consolidation

2         A dismissal of *Krohn* under the first-to-file rule will achieve the key benefits of consolidation,

3   including eliminating the risk of conflicting rulings.  At the same time, dismissal will create none of

4   the material drawbacks that consolidation will create.  Those drawbacks include (1) having to conduct

5   written discovery, document discovery, and deposition discovery against the named plaintiffs in both

6   cases (instead of just in *Franzetti*), (2) incentivizing additional copycat lawsuits by allowing *Krohn* to

7   proceed, and (3) potentially making a negotiated resolution harder to achieve, given the large number

8   of plaintiffs' firms that will be required to sign off on such a resolution.  And, if additional lawsuits

9   are ultimately consolidated rather than dismissed, these drawbacks will be compounded.

10        Moreover, Ms. Krohn cannot articulate any good reason why consolidation is preferable to

11   dismissal.  From the point of view of the putative class members she seeks to represent, consolidation

12   is not a more equitable outcome than dismissal.  Indeed, consolidation will provide no benefits

13   whatsoever to the proposed class members.  There is no relief *Krohn* can offer to class members that

14   would not be fully available in *Franzetti*.  *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,

15   544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) ("Dismissal is proper where the court of first filing provides

16   adequate remedies." (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 627-28 (9th Cir.

17   1991)).  Given that duplicative litigation should be discouraged rather than rewarded, PMI submits

18   that the best course of action here is dismissal.

19                                         **CONCLUSION**

20        As the party who filed a disfavored, duplicative lawsuit, Ms. Krohn should have to explain

21   why consolidation is preferable to dismissal as a solution to the problem that her filing created.  She

22   cannot do so, because her lawsuit serves no purpose.  PMI respectfully requests that the Court dismiss

23   this action without prejudice.

24

25

26

27

28

- 8 -

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, STAY ALL PROCEEDINGS
No. 2:24-cv-00200-TL

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1

Dated:  March 22, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

K&L GATES LLP

By:  */s/ Pallavi Mehta Wahi*
      Pallavi Mehta Wahi
      Shelby Renee Stoner
      pallavi.wahi@klgates.com
      shelby.stoner@klgates.com
      925 Fourth Avenue, Suite 2900
      Seattle, WA 98104
      Telephone: 206.623.7580
      Facsimile: 213.243.4199

      *Attorneys for Defendant Pacific Market
      International, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

      James F. Speyer (*pro hac vice*)
      E. Alex Beroukhim (*pro hac vice*)
      james.speyer@arnoldporter.com
      alex.beroukhim@arnoldporter.com
      777 South Figueroa Street, 44th Floor
      Los Angeles, CA 90017-5844
      Telephone: 213.243.4000
      Facsimile: 213.243.4199

      Elie Salamon (*pro hac vice*)
      elie.salamon@arnoldporter.com
      250 West 55th Street
      New York, NY 10019-9710
      Telephone: 212.836.8000
      Facsimile: 212.836.8689

      *Attorneys for Defendant
      Pacific Market International, LLC*

      I certify that this memorandum contains 3,129
      words, in compliance with the Local Civil Rules.

- 9 -

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, STAY ALL PROCEEDINGS
No. 2:24-cv-00200-TL

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1

**CERTIFICATION OF CONFERENCE**

2

     Pursuant to Section III(G) of the Honorable Judge Lin's Standing Order for All Civil Cases,

3

effective February 9, 2024, I hereby certify that, on March 11, 18, and 20, 2024, counsel for the parties

4

conferred in a good-faith effort to resolve the issues raised in this motion.  The parties were unable to

5

resolve the issues raised in the motion.

6

7

8
                                      _/s/ James F. Speyer_
                                      James F. Speyer

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, STAY ALL PROCEEDINGS
No. 2:24-cv-00200-TL

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that, on March 22, 2024, a copy of the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Central District of California, using the CM/ECF system, which will send a Notice of Electronic filing to all parties of record.

_/s/ James F. Speyer_
James F. Speyer

- 11 -

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022