UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIANA FRANZETTI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>PACIFIC MARKET INTERNATIONAL LLC, d/b/a PMI Worldwide, and DOES 1–10,<br><br>Defendants. | CASE NO. 2:24-cv-00191-TL<br><br>ORDER ON MOTION TO CONSOLIDATE AND MOTIONS TO DISMISS OR STAY |
| ROBIN KROHN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>PACIFIC MARKET INTERNATIONAL, LLC, a corporation,<br><br>Defendant. | CASE NO. 2:24-cv-00200-TL |
| LAURA BARBU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>PACIFIC MARKET INTERNATIONAL, LLC, a corporation,<br><br>Defendant. | CASE NO. 2:24-cv-00258-TL |

These three cases are putative class actions for damages and injunctive relief stemming from the alleged presence of lead in the popular "Stanley tumbler" consumer drinking products. These matters are before the Court on Plaintiffs' Motion to Consolidate Related Actions under Fed. R. Civ. P. 42(a) and to Set Deadlines (*Franzetti*, Dkt. No. 23) and Defendant's Motions to Dismiss or, in the Alternative, Stay All Proceedings (*Krohn*, Dkt. No. 33; *Barbu*, Dkt. No. 23). Having reviewed the Parties' briefing and the relevant record, and finding oral argument unnecessary, *see* Local Civil Rule 7(b)(4), the Court GRANTS Plaintiffs' motion to consolidate, DENIES Defendant's motions to dismiss or stay, and further rules as follows.

## I.   BACKGROUND

### A.   The Individual Actions

On February 12, 2024, Plaintiff Mariana Franzetti commenced a class action in this District against Defendant.[1] *See* No. C24-191, Dkt. No. 1. Plaintiff Franzetti alleges that Defendant Pacific Market International, LLC ("PMI"), and unnamed Doe Defendants failed to disclose the presence of lead in their popular Stanley tumbler products. *See, e.g.*, *id*. ¶¶ 14–26. She brings claims under Washington common law for breach of contract (*id*. ¶¶ 52–59), breach of express and implied warranties (*id*. ¶¶ 60–83), and, in the alternative to her contract and warranty claims, claims for assumpsit, restitution, unjust enrichment, and quasi-contract (*id*. ¶¶ 105–11). She also brings a claim for violation of the Washington Consumer Protection Act ("WCPA"), RCW §§ 19.86 *et seq.* (*id*. ¶¶ 84–95) and violation of the federal Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq*. (*id*. ¶¶ 96–104). Finally, she proposes a nationwide

---

[1] Plaintiff Franzetti also named Doe Defendants. However, as only Defendant PMI has been identified (and, therefore, only Defendant PMI has appeared), the Court will only refer to "Defendant" in the singular for the purposes of this Order.

class of "[a]ll persons in the United States who purchased a Stanley tumbler at retail during the last four years." *Id.* ¶ 44.

On February 14, 2024, Plaintiff Robin Krohn commenced a second class action in this District against Defendant PMI. *See* No. C24-200, Dkt. No. 1. Plaintiff Krohn alleges that Defendant PMI failed to disclose the presence of lead in the Stanley tumblers. *See, e.g., id.* ¶¶ 15–23. Like Plaintiff Franzetti, Plaintiff Krohn brings claims under Washington common law for breach of express and implied warranties (*id.* ¶¶ 69–89) and unjust enrichment (*id.* ¶¶ 103–08) as well as a WCPA claim (*id.* ¶¶ 134–42). In addition, she brings Washington common law claims for fraud by omission (*id.* ¶¶ 90–96) and negligent misrepresentation (*id.* ¶¶ 97–102), a claim for violation of the Washington Product Liability Act ("WPLA") (*id.* ¶¶ 143–56), and claims under various California consumer protection statutes (*id.* ¶¶ 109–33). Finally, she proposes a nationwide class of "[a]ll persons in the United States who, from February 14, 2019 to the present, purchased a Stanley cup for personal use, and not for resale." *Id.* ¶ 58.

On February 24, 2024, Plaintiff Laura Barbu commenced a third class action in this District against Defendant PMI. *See* No. C24-258, Dkt. No. 1. Like the other Plaintiffs, Plaintiff Barbu alleges that Defendant PMI failed to disclose the presence of lead in its Stanley tumblers. *See, e.g., id.* ¶¶ 30–42. Like one or both other Plaintiffs, she brings claims under Washington common law for fraud by omission (*id.* ¶¶ 62–68), negligent misrepresentation (*id.* ¶¶ 69–73), and unjust enrichment (*id.* ¶¶ 75–80), as well as claims for violations of the WCPA (*id.* ¶¶ 102–10) and WPLA (*id.* ¶¶ 111–24). In addition, she brings claims under New York consumer protection statutes. *Id.* ¶¶ 81–101. Finally, she proposes two classes: (1) a nationwide class of "[a]ll persons in the United States who, during the applicable limitations period to the present, purchased a Stanley cup for personal use, and not for resale" (*id.* ¶ 49); and (2) a subclass of

"[a]ll persons in New York who, from the applicable limitations period to the present, purchased a Stanley cup for personal use, and not for resale" (*id.* ¶ 50).

**B.      Procedural History**

On February 21, 2024, Plaintiff Franzetti filed notice of Plaintiff Krohn's related case. *See Franzetti*, Dkt. No. 7. On the same day, *Krohn* was reassigned from the Honorable Jamal N. Whitehead to this Court. *See Krohn*, Dkt. No. 9.

On February 27, 2024, Plaintiff Franzetti filed notice of Plaintiff Barbu's related case. *See Franzetti*, Dkt. No. 10. On March 7, 2024, *Barbu* was reassigned from the Honorable Lauren King to this Court. *See Barbu*, Dkt. No. 7.

Plaintiffs now jointly bring a motion to consolidate *Franzetti*, *Krohn*, and *Barbu* as well as any future related actions. *See Franzetti*, Dkt. No. 23. Defendant PMI brings its own motions to dismiss the other two matters as duplicative of *Franzetti*, or to stay both matters until *Franzetti* is resolved. *Krohn*, Dkt. No. 33; *Barbu*, Dkt. No. 23.

## II.      LEGAL STANDARD

**A.      Consolidation**

Per Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Courts have broad discretion to consolidate cases pending in the same district. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016). In deciding whether to exercise this discretion, courts generally look to such factors as "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to [any opposing party]." *Amazon.com, Inc. v. AutoSpeedstore*, No. C22-1183, 2022 WL 11212033, at *1 (W.D. Wash. Oct. 19, 2022) (citing 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2383 (3d ed., Apr. 2022 update)).

B.    **The First-to-File Rule**

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *accord Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "The purpose of the rule is to eliminate wasteful duplicative litigation, to avoid rulings that may trench upon a sister court's authority, and to avoid piecemeal resolution of issues calling for a uniform result." *Ekin v. Amazon Servs., LLC*, No. C14-244, 2014 WL 12028588, at *3 (W.D. Wash. May 28, 2014) (citation and quotation omitted). Under the first-to-file rule, a court may dismiss, stay, or transfer a case when a similar case is before a different district court. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.3d 622, 623 (9th Cir. 1991). For the rule to apply, (1) the relevant action must have been filed prior to the one the Court is being asked to decline jurisdiction over, (2) the same or substantially similar parties must be involved, and (3) the issues raised in the suits must be the same or substantially similar. *See Kohn*, 787 F.3d at 1239–40.

### III.    DISCUSSION

A.    **Applicability of Consolidation and First-to-File Rules**

Defendant appears to concede that Plaintiffs meet the requirements for consolidation, though it argues that dismissal or stay is more appropriate. *See Franzetti*, Dkt. No. 29 at 3 ("[T]hese lawsuits *also* satisfy the requirements for a dismissal or stay under the first-to-file rule . . . ." (emphasis in original)); *see also Barbu*, Dkt. No. 23 at 8–10 (highlighting similarity of parties and issues). The Court agrees that *Franzetti*, *Krohn*, and *Barbu* are eligible for consolidation, as they plainly share common questions of law and fact. Fed. R. C. P. 42(a). However, Plaintiffs argue that application of the first-to-file rule to these matters is

"unwarranted," as the cases are pending before the same Court. *Krohn*, Dkt. No. 41 at 8–9; *Barbu*, Dkt. No. 28 at 4–5.

The Ninth Circuit has not determined whether the first-to-file rule applies when related cases are pending in the same District. *See Dolores Press, Inc. v. Robinson*, 766 F. App'x 449, 453 (9th Cir. 2019) ("[Appellant] argues that the first-to-file rule is inapplicable when the two actions are filed in the same district. We need not resolve that issue . . . ."). However, this Court observes that when actions are pending before the same judge, courts in this District have declined to apply the first-to-file rule. *See Pecznick v. Amazon.com, Inc.*, No. C22-743 et al., 2022 WL 4483123, at *3 (W.D. Wash. Sept. 27, 2022) (declining to apply first-to-file rule with cases filed in the same district); *Cole | Wathen | Leid | Hall, P.C. v. Assoc. Indus. Ins. Co. Inc.*, No. C19-2097, 2020 WL 3542516, at *2 (W.D. Wash. June 30, 2020) ("[T]he federal comity concerns underlying the first-to-file rule are not present [when cases are pending before a single judge], so courts in this circuit have declined to extend the rule accordingly.") (citations omitted); *Ekin*, 2014 WL 12028588, at *3 ("Courts regularly decline . . . to apply the first-to-file rule . . . where the two actions are actively pending before the same judge.") (citation omitted).[2] And the Ninth Circuit has long described the rule as a "generally recognized doctrine *of federal comity*" when a similar action is filed "in *another* district." *Pacesetter*, 678 F.2d at 94–95 (emphases added); *see also, e.g.*, *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) ("Under that rule, when cases involving the same parties and issues have been filed in *two different districts*, the *second district court* has discretion to transfer, stay, or dismiss the second case . . . ." (emphases added)). Regardless, "district court judges can, in the exercise of their

---

[2] *But see, e.g.*, *Gatlin v. United Parcel Serv.*, No. C18-3135, 2018 WL 10161198, at *3 (C.D. Cal. Aug. 23, 2018) (holding that first-to-file rule applies to subsequent actions filed in the same district); *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293–94 (N.D. Cal. 2013) (same).

ORDER ON MOTION TO CONSOLIDATE AND MOTIONS TO DISMISS OR STAY - 6

discretion, dispense with the first-filed principle for reasons of equity." *Alltrade,* 946 F.3d at 628. And ultimately, as Defendant admits, "[t]he first-to-file rule is a 'discretionary rule . . . .'" *Barbu,* Dkt. No. 23 at 7 (quoting *Mehr v. Cap. One Bank USA N.A.*, No. C18-1576, 2019 WL 2428768, at *2 (C.D. Cal. Jan. 2, 2019)).

### B. Consolidation Is Appropriate

Here, even if the first-to-file rule could be applied, the Court finds that consolidation is the more appropriate course of action.[3] All three matters propose nationwide classes of purchasers of Stanley tumblers for personal use. *Compare Franzetti*, Dkt. No. 1 ¶ 44, *with Krohn*, Dkt. No. 1 ¶ 58, *and Barbu*, Dkt. No. 1 ¶ 49. There is also substantial overlap in the asserted claims: many claims are under Washington common law or statutes and allege substantially similar underlying behavior by Defendant. *Compare Franzetti*, Dkt. No. 1 ¶¶ 52–111, *with Krohn*, Dkt. No. 1 ¶¶ 69–156, and *Barbu*, Dkt. No. 1 ¶¶ 62–124. To the extent Plaintiffs bring unique claims (*e.g.*, California and New York statutes, Magnuson-Moss Warranty Act), the claims still address similar contractual violations or deceptive business practices, and different subclasses can be retained or created to the extent that some claims may not apply nationwide. Indeed, as this Court has observed, such variety in claims cautions *in favor* of consolidation and *against* a first-to-file dismissal or stay, because "a danger of applying the doctrine where claims vary between actions, as they do in this case, is that other potentially independent viable claims may be extinguished on grounds other than their merits." *Pecznick*, 2022 WL 4483123, at *3. Ultimately, given the substantial overlap between these matters, consolidation will promote judicial economy and expedite resolution of the cases by simplifying

---

[3] In some sense, the first-to-file rule was already applied when the subsequent-filed cases were transferred to this Court—one of the options available under the rule. Now that all the cases are before the same Court, the question is whether they should be consolidated.

ORDER ON MOTION TO CONSOLIDATE AND MOTIONS TO DISMISS OR STAY - 7

discovery, pretrial motions, and other case management issues, and it will reduce the risk of inconsistent results. *See id.* at *3–4 (consolidating cases where "both cases are against the same defendant, have similar plaintiffs, center around the same core fact," and assert similar causes of action).

Defendant's arguments in opposition are unavailing. Defendant argues consolidation will require it "to conduct written discovery, document discovery, and deposition discovery against each of the named plaintiffs across these cases (instead of just in *Franzetti*)." *Krohn*, Dkt. No. 33 at 10; *Barbu*, Dkt. No. 23 at 11. This argument strains common sense because even if *Franzetti* were the only action, Defendant would likely seek depositions against multiple class members, not just Plaintiff Franzetti; there is little reason to believe that the discovery burden is meaningfully increased by consolidation. Defendant also argues that consolidation will "incentiviz[e] additional copycat lawsuits by allowing [these] duplicative lawsuit[s] to proceed." *Id.* But consolidation of these actions and future related actions will deter additional lawsuits, as they would likely be subsumed into the lead action.[4] Finally, Defendant argues that consolidation would "potentially mak[e] a negotiated resolution harder to achieve, given that eight plaintiffs' firms will be required to sign off on such a resolution." *Id.* But the Court will ultimately appoint lead counsel for the newly consolidated matter, which will help to expedite negotiation and any possible resolution.

Ultimately, Defendant asks the Court to endorse an approach to case management that will encourage a "race to the courthouse" in similar situations, without regard to the nature of the

---

[4] Defendant cites *Adams v. California Department of Health Services* for the proposition that "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (9th Cir. 1977)); *see Franzetti*, Dkt. No. 29 at 2; *Barbu*, Dkt. No. 23 at 6. However, *Adams* is inapplicable, as it concerned the right of a single plaintiff to file a second complaint after the court denied an untimely motion to amend the first complaint. *Id.*

claims asserted (and whether legitimate claims would be extinguished if not filed in the first complaint to reach the courthouse), the quality of counsel's representation, the circumstances of particular plaintiffs, or other equitable concerns. *See Scholl v. Mnuchin*, 483 F. Supp. 3d 822, 827 (N.D. Cal. 2020) ("Application of the first-filed rule here, where the parties filed nearly simultaneous actions in competing jurisdictions . . . would invoke none of the merits of the first-filed rule, while promoting the sort of race to the courthouse that is the worst feature of the rule." (quoting *Aurora Corp. of Am. v. Fellowes*, No. C07-8306, 2008 WL 709198, at *1 (C.D. Cal. Feb. 27, 2008))); *Callaway Golf Co. v. Corp. Trade Inc.*, No. C09-384, 2010 WL 743829, at *3 (S.D. Cal. Mar. 1, 2010) (observing that anticipatory-action exception to the first-to-file rule "seek[s] to eliminate the race to the courthouse door in an attempt to preempt a later suit in another forum"). But here, consolidation is available, and for the reasons stated above, it is "a more equitable outcome than dismissing or staying" the later-filed matters. *Pecznick*, 2022 WL 4483123, at *3.

### IV. CONCLUSION

Accordingly, it is hereby ORDERED:

(1) Plaintiffs' motion to consolidate (*Franzetti*, Dkt. No. 23) is GRANTED.

(2) Defendant's motions to dismiss or stay (*Krohn*, Dkt. No. 33; *Barbu*, Dkt. No 23) are DENIED.

(3) *Franzetti*, *Krohn*, and *Barbu* are hereby CONSOLIDATED in this Court for all purposes, including trial.

(4) All future documents filed in these consolidated actions SHALL be filed under in the lowest-numbered case (No. C24-191) and shall be captioned as follows:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PACIFIC MARKET INTERNATIONAL, LLC, STANLEY TUMBLER LITIGATION<br><br>This Document Relates To: | Master File No. 2:24-cv-00191-TL |

(5) The case file for the Consolidated Action SHALL be maintained under Master File No. 2:24-cv-00191-TL. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" SHALL appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action SHALL appear immediately after the words "This Document Relates To:" in the caption identified above, for example, "*Krohn*, 2:24-cv-00200".

(6) Any action subsequently filed in, transferred or removed to this District that arises out of the same or similar operative facts as the Consolidated Action SHALL also be consolidated in this Court for all purposes.

(a) Plaintiffs SHALL file a Notice of Related Case pursuant to LCR 3(g)(3) whenever a case that they believe should be consolidated into this action is filed in, or transferred to, this District.

(b) If the Court determines that the case is related, the Clerk SHALL:

(i) Place a copy of this Order in the separate file for such case.

       (ii)  Serve on Plaintiffs' counsel in the new case a copy of this Order.

       (iii)  Direct that this Order be served upon defendants in the new case; and

       (iv)  Make the appropriate entry on the docket of the Consolidated Action.

(7) Unless otherwise ordered by the Court upon a showing of good cause, this Order SHALL apply to the above-captioned matters; any action filed in, transferred to, or removed to this District which relates to the subject matter at issue in this case; and any subsequently transferred tag-along actions.

(8) Plaintiffs in the Consolidated Action SHALL file any interim class leadership motions pursuant to Federal Rule of Civil Procedure 23(g)(3) **within ten (10) days** of this Order.

(9) Plaintiffs SHALL file a Consolidated Class Action Complaint ("Consolidated Complaint") **within thirty (30) days** of the entry of an Order appointing interim class counsel.

(10) Defendant SHALL respond to the Consolidated Complaint **within thirty (30) days** after the Consolidated Complaint is filed. Defendant is not required to respond to the complaints filed in the individual actions.

(11) The Clerk is DIRECTED to file a copy of this Order in each of the above actions.

(12) The Clerk is DIRECTED to administratively close the *Krohn* (No. C24-200) and *Barbu* (No. C24-258) actions.

Dated this 26th day of April 2024.

                     Tana Lin
                     United States District Judge